United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-21088
Summary Calendar
_____

DARRELL B. TAYLOR

Plaintiff-Appellant

v.

PEERLESS INDUSTRIES, INC.

Defendant-Appellee

----------------------
Appeal from the
United States District Court
for the Southern District of Texas
4:04-CV-2964
----------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM[*]:

This appeal implicates a terminated employment relationship between an employee, Plaintiff-Appellant Darrell B. Taylor ("Taylor"), and his employer, Defendant-Appellee Peerless Industries, Inc. ("Peerless"). From October 18, 2001 to May 2, 2003, Taylor worked as a district sales representative in the southern district of Peerless's professional sales department's area of coverage. On May 2nd, however, Peerless terminated

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Taylor's employment for his alleged ineffectiveness in the field.

Taylor, a black male, sued Peerless, charging that it discriminated against him on the basis of his race in violation of both United States Code, title 42, section 1981 and title VII of the Civil Rights Act of 1964. Slightly over a year into the lawsuit, Peerless filed a motion for summary judgement, contending that it was entitled to judgment as a matter of law. It argued that Taylor could not establish a prima facie case of racial discrimination, and that even if he could, Peerless would still be entitled to judgment as a matter of law based on its proffered legitimate, non-discriminatory reason for Taylor's termination — his professional ineffectiveness.

After a hearing on the motion, the district court granted summary judgment to Peerless, concluding that Taylor could not establish that Peerless's articulated, legitimate reason for termination was pretextual under the burden-shifting oscillation established in McDonnell Douglas Corp. v. Green.[1] Taylor timely filed a notice of appeal.

We review a grant of summary judgment de novo, applying the same standard employed by the district court.[2] Summary judgment

_____

[1] 411 U.S. 792 (1973).

[2] Abarca v. Metro. Transit Auth., 404 F.3d 938, 940 (5th Cir. 2005).

2

is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3]

In reaching its decision, the district court applied the McDonnell Douglas methodology to Taylor's claims. This constituted an error of law. Since the Supreme Court handed down Desert Palace, Inc. v. Costa,[4] we have applied a "modified" McDonnell Douglas process in title VII cases.[5]

Like the original McDonnell Douglas methodology, the modified procedure allows the use of circumstantial evidence of discrimination when there is no direct evidence: The plaintiff must first establish a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden, the plaintiff must then offer sufficient evidence that the defendant's reason is not true, but is instead a pretext for discrimination. The modified McDonnell

---

[3] Dallas Fire Fighters Ass'n v. City of Dallas, 150 F.3d 438, 440 (5th Cir. 1998).

[4] 539 U.S. 90 (2003).

[5] Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005); see also Rachid v. Jack in the Box, Inc., 376 F.3d 305, 310-12 (5th Cir. 2004). Additionally, title VII and § 1981 claims require the same proof to establish liability when used as parallel causes of action. Bunch v. Bullard, 795 F.2d 384, 387 n.1 (5th Cir. 1986). Thus, the modified McDonnell Douglas test is equally applicable to Taylor's § 1981 claim.

_Douglas_ minuet comes into play in the so-called mixed motive cases, those in which the defendant's proffered reason, even if true, is but one of two or more reasons for its employment decision, another "motivating factor" being the plaintiff's protected classification.[6] Under the modified _McDonnell Douglas_ process, the defendant-employer must demonstrate that it would have made the same adverse employment decision even in the absence of the employee's showing of a discriminatory animus.[7] If the employer cannot bear this burden, the plaintiff-employee prevails.[8]

By applying the original _McDonnell Douglas_ test, rather than the modified version, the district court failed to consider whether race was _a_ motivating factor in Peerless's decision, even if it were not the sole factor. Based on the applicable law and our extensive review of the parties' briefs and the record on appeal, we conclude that the district court failed properly to analyze Taylor's claim as a mixed motive case under the required modified _McDonnell Douglas_ process. Accordingly, we vacate the district court's summary judgment and remand the matter for further proceedings consistent with _Costa_, our precedent, and

---

[6] _Keelan_, 407 F.3d at 341.

[7] _Id_.

[8] _Id_.

4

this opinion.

Our decision today should not be construed as precluding the district court's reaching the same result under the modified McDonnell Douglas procedure that it reached under the original McDonnell Douglas methodology.  We do not intend to send such a signal.

VACATED AND REMANDED.